ELECTRONICALLY FILED
Craighead County Circuit Court in Jonesboro
Candace Edwards, Craighead Circuit Clerk
2019-Nov-12 13:59:34
16JCV-19-1245
C02D02 : 8 Pages

IN THE CIRCUIT COURT OF CRAIGHEAD COUNTY, ARKANSAS
WESTERN DISTRICT
CIVIL DIVISION

ELITE AUTOS, LLC                                                    PLAINTIFF

Vs.                         Case No. _____

SPARKS MOTORS, LLC                                                  DEFENDANT

## COMPLAINT

Elite Autos, LLC, by its counsel, Gramling Law Firm, PLC, for its complaint against the Defendant states as follows:

1. Plaintiff is an Arkansas limited-liability company with headquarters in Craighead County, Arkansas. Plaintiff is in the business of buying and selling unique and custom cars and trucks.

2. Defendant is a Utah limited-liability company conducting business throughout the United States. Defendants advertise nationally, including but not limited to the television show "Diesel Brothers" on the Discovery Channel, a program which features an affiliated entity Dieselsellerz.com LLC.

3. This Court has jurisdiction over the parties pursuant to A.C.A. § 16-4-101, and venue is proper with this Court.

## FACTS

4. On or about April 29, 2019, Plaintiff contacted Dave Sparks of Sparks Motor Company ("Sparks") for the purchase of a custom new 2019 Ford F-550 Lariat 6x6 truck (the "Truck").

5. The parties agreed to a price of $220,000 for the truck and Plaintiff paid the sum of $110,000 to Defendant on or about April 30, 2019 as a down-payment. A duplicate of the Sparks Invoice is attached as Exhibit A.

6. Defendant represented that the truck would be delivered in six to eight weeks from April 29, 2019.

7. On or about June 3rd, 2019, Defendant required another 25% payment which Plaintiff remitted on that date.

8. After several weeks of delay, Defendant represented to Plaintiff that the Truck was completed, and Plaintiff remitted the final 25% of the purchase price.

9. Defendant offered to arrange the transport from Utah to Arkansas but Plaintiff arranged for transport due to the cost and time involved with Defendant's transport and the fact that Defendant was already late in delivering the Truck. The Truck was delivered to Plaintiff in Arkansas on or about August 15, 2019.

10. Despite the fact that the contract was for a new truck, the Truck had 414 miles on the odometer.

11. Upon receipt, Plaintiff noticed several problems with the Truck before it was even unloaded.

12. Plaintiff contacted Sparks and informed Sparks of the issues with the Truck, and Sparks acknowledged the issues and agreed they were unacceptable. Plaintiff spoke with an individual named "Hans," because Dave Sparks had "handed off" Plaintiff to Hans.

13. Sparks then offered a $5,000 credit so that Plaintiff could fix the issues, or in the alternative Sparks would refund the purchase price.

14. Plaintiff informed Sparks that the problems with the Truck appeared to be more than $5,000 would cover, and the parties agreed that Plaintiff could drive the Truck to an auto show in Missouri to evaluate the extent of the problems and whether a refund was necessary.

15. Upon returning from the auto show, the transmission case burst, leaking out all of the fluid and rendering the Truck inoperable.

16. Plaintiff contacted Sparks immediately (both Dave Sparks and Hans) and informed them he was stranded with the Truck. Dave Sparks did not reply, but Hans responded that he was attempting to get help for Plaintiff.

17. After several hours of waiting, Plaintiff had an employee pick him and his passenger up and return them home, and arranged for a flatbed truck to pickup the Truck and return it to Plaintiff's place of business the next day.

18. Plaintiff then immediately notified Sparks of his rejection of the Truck and requested the refund but did not get an immediate response.

19. Shortly thereafter, on September 6, 2019, and upon information and belief, a Sparks employee driving a Sparks trailer came to Plaintiff's place of business to pick up the Truck and took it back to Sparks place of business, where it remains.

20. Plaintiff later heard from Hans at Sparks, who said Sparks did not have the money to refund the purchase price.

21. On or about August 13, 2019, shortly before delivering the Truck to Plaintiff, Dave Sparks informed Plaintiff that he had requested the title to the Truck from Ford Credit and should have it in 10 to 14 days at which time Sparks would express mail it to Plaintiff. As of the date of this Complaint Sparks has yet to produce a title.

22. The problems with the Truck include, but are not necessarily limited to, the following:

-front driver fender does not line up; has broken tabs under the hood; and driver's door catches on the fender upon opening;
-driver-side bedside has defective molding at junction with tailgate
-passenger-side bedside has paint stress cracks
-trash visible in paint
-moisture in headlights
-both front fenders do not line up in several areas
-transmission blown or cracked with undetermined vibration
-diesel fuel leaking from gas tank
-knocking in front suspension when going over any significant bump in road
-front tires rub front radius arms
-multiple warning messages appear at random times, including stability control and traction control
-gas gauge is inaccurate
-damage to plastic trim and scratches throughout
-front bumper fender extension has been damaged and improperly "touched up"
-rear track bar bot hits rear axle.

23. In addition to the purchase price, Plaintiff has paid $1,800 for transport of the Truck from Utah to Arkansas; $600 to tow it from Missouri to Arkansas and $200 for personal transport from Missouri to Arkansas.

## COUNT I – Breach of Express Warranty

24. Plaintiff restates and realleges each and every allegation set forth above.

25. Defendant made affirmations of fact to Plaintiff relating to the Truck and descriptions of the Truck which were part of the basis of the bargain.

26. The non-conformity of the Truck with those affirmations and descriptions constitute a breach of Defendant's express warranties.

## COUNT II – Breach of Implied Warranty of Merchantability

27. Plaintiff restates and realleges each and every material allegation set forth above.

28. The Truck was not fit for the ordinary purpose for which it was to be used.

29. Plaintiff has sustained damages as a result of that unfitness.

30. The unfitness was the proximate cause of Plaintiff's damages.

31. Plaintiff was the individual whom Defendant knew to be using the Truck.

32. As a result, Defendant is liable for a breach of the implied warranty of merchantability.

## COUNT III – Breach of Implied Warranty of Fitness for a Particular Purpose

33. Plaintiff restates and realleges each and every allegation set forth above.

34. Sparks had reason to know the particular purpose for which the product was required.

35. Sparks knew or should have known that Plaintiff was relying on Spark's judgment.

36. The Truck was not fit for the purpose for which it was required.

37. Plaintiff suffered damages as a result of the Truck's unfitness for its purpose, which damages were proximately caused by the unfitness.

38. Plaintiff was a person whom Spark should reasonably have expected to use the product.

39. As a result, Defendant is liable for the breach of the implied warranty of fitness for a particular purpose.

## COUNT IV – BREACH OF CONTRACT

40. Plaintiff restates and realleges each and every allegation set forth above.

41. Plaintiff and Defendant are competent parties to contract for the sale of the Truck.

42. The contract was supported by sufficient consideration and mutual agreement regarding the specifics of the Truck.

43. Sparks had the obligation to perform the custom work and deliver the Truck as agreed by the parties; Plaintiff had the obligation of payment.

44. Sparks breached their obligation and Plaintiff is entitled to a return of the purchase price under A.C.A. 4-2-711.

45. Sparks is liable for Plaintiff's incidental and consequential damages under A.C.A. 4-2-715.

46. Plaintiff is entitled to its attorney's fees for this contract action.

### COUNT V – Breach of Warranty of Title

47. Plaintiff restates and realleges each and every allegation set forth above.

48. Pursuant to A.C.A. § 4-2-312, Sparks warranted that the title to the Truck would be good title and its transfer rightful.

49. Defendant failed to deliver title despite demand prior to rejection.

50. As a result, Defendant is liable for breach of the warranty of title.

WHEREFORE, Plaintiff prays that it be awarded judgment against Defendant for the sum of $220,000.00, plus pre-judgment interest, incidental and consequential damages of $2,400.00, its court costs and a reasonable attorney's fee, and all other relief to which it is entitled.

Respectfully submitted,

Gramling Law Firm, PLC
2500 Alexander Drive; Ste. B
Jonesboro, AR 72401

By: _____
James F. Gramling Jr. 97237



State of Arkansas

County of Craighead

    I, Shelby Smith, Member of Elite Autos, LLC, state upon oath that I have read the statements containing in the foregoing pleading and they are true and correct to the best of my knowledge, information and belief.

                                                                                Shelby Smith, Member

Subscribed and sworn to before me this \_\_\_12th\_\_\_ day of November, 2019

                                                                                Notary Public

My commission expires: 4-7-23

OFFICIAL SEAL - #12392695
**HEATHER BELS**
NOTARY PUBLIC-ARKANSAS
CRAIGHEAD COUNTY
MY COMMISSION EXPIRES: 04-07-23

# Sparks Motors LLC

Dave Sparks
1955 s 1800 w
woods cross, UT 84087
United States

Invoice #: 0039255
Invoice Date: Apr 29, 2019
Due date: Apr 29, 2019

Amount due:
**$220,000.00**

Bill To:

Shelby Smith

| Description | Quantity | Price | Amount |
|---|---|---|---|
| 2019 Ford F-550 Lariat white- 6x6<br>• black leather interior<br>• 6x6 bolt on conversion utilizing OEM F550 rear axle and SCS transfer case<br>• 24ft overall length<br>• 40x15.5R22 Toyo MT tires<br>• 22x12 Grid direct bolt on wheels- black/machined finish<br>• 8" lift with 4 link suspension and KING coilover shocks<br>• 10" airbags in rear for load leveling<br>• 10ft custom built steel truck bed with fiberglass bedsides<br>• flared baja front fenders<br>• ram air hood<br>• factory grille and bumpers or optional aftermarket grille and bumpers ($7000 option)<br>• Addictive desert design headache/chase rack in bed<br>• paint matched accessories<br>• AMP automatic drop steps<br>• other options available at customers request<br>• NO sunroof | 1 | $220,000.00 | $220,000.00 |

*this price estimate is to build the vehicle as depicted in the rendering provided, any changes or additional upgrades to be at additional cost

Subtotal     $220,000.00

**Total   $220,000.00 USD**

EXHIBIT A

**Notes**

Estimated completion: 8-10 weeks from date deposit is received

90 day limited warranty on 6x6 drivetrain components

**Terms and Conditions**

Payment terms:
50% deposit to begin project
25% due 30 days from initial deposit
25% remaining balance due upon completion