FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

DEC 3 0 2019

JAMES W. McCORMACK, CLERK
By: _____
DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

GWENDOLYN L. SHELTON                                      PLAINTIFF

vs.                                   Case No. 5:19-CV-00256

PINE BLUFF/JEFFERSON COUNTY LIBRARY                      DEFENDANT

## PLAINTIFF'S OBJECTION TO
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

### I. INTRODUCTION

Plaintiff Gwendolyn L. Shelton ("Plaintiff Shelton"), respectfully opposes Defendant

Pine Bluff/Jefferson County Library System's ("System") motion for summary judgment

("Defendant's Motion") and request that the Court instead grant the relief Plaintiff seeks in her

objection to motion for summary judgment ("Plaintiffs' Objection"). The arguments set forth in

Defendants' Motion largely are based upon untrue facts, manipulated statistics, and other illegal

actions. (Shelton Declaration, Exhibits 9-14). That the System's practice of using certain figures

for funding purposes have a disparate impact on library branches communities with a majority

black population as compared to library branches with a majority white population. (*Griggs v.*

*Duke Power Co.*, 401 U.S. 424 (1971). This practice has and disparate impact on the employees

of these libraries. *Griggs v. Duke Power Co.*, 401 U.S. 424; *Willis v. Watson Chapel School*

*Dist.,* 703 F. Supp. 1381 (E.D. Ark. 1988).

There are genuine issues of fact that exist in this case, which with further discovery, Plaintiff

Shelton, would be entitled to judgment as a matter of law under the Civil Rights Act of 1964, §

703(k)(1), 42 U.S.C.A. § 2000e-2(k)(1) due to disparate impact. *Griggs V. Duke Power Co.,* 401

U.S. 424 (1971); *Phillips v. Martin Marietta Corp.,* 400 U.S.542 (1971; Willis v. Watson Chapel

School Dist., 703 F. Supp.1381 (E.D. Ark. 1988).

Plaintiff Shelton responds as follows to the Defendant's Motion:

1.    Plaintiff Shelton denies that she was a regular part-time branch manager. Plaintiff Shelton denies that "she resigned on her own volition."   Plaintiff Shelton resigned due to a hostile and unsafe work environment and not of her own volition. (Shelton Declaration). Plaintiff Shelton denies that full-time branch managers had "significantly higher circulation volumes" because these statistics due not accurately reflect library usage for library branches with majority black populations. (Exhibits 9-14, 23, 43-45). *Willis v. Watson Chapel School Dist.*, 703 F. Supp. 1381 (E.D. Ark. 1988); *Griggs v. Duke Power Co.,* 401 U.S. 424 (1971); *Ward's Cove Packing v. Antonio*, 490 U.S. 657 (1989); *Meacham v. Knolls Atomic Power Laboratory,* 128 S. Ct 2395 (2008) Although the population of Altheimer, Arkansas was the smallest of all the branch libraries, Altheimer Library had greater usage than Redfield Library. (Exhibits 9 – 14). Plaintiff Shelton knew that she would only receive 31 hours per week but she was told during the interview process that she would receive benefits such as holiday pay, vacation pay, sick leave, and insurance and relied upon those promises to her detriment when she accepted the branch manager's position. RESTATEMENT (SECOND) § 90; (Shelton Declaration). Plaintiff Shelton alleges that she did not receive holiday pay, relief when the Assistant Branch Manager was absent, and accurate vacation and sick hours due to violations of Title VII of the Civil Rights Act of 1964 as amended. *Civil Rights Act of 1964,* §42, U.S.C § 2000e et seq (1964); *Civil Rights Act of 1991*, §42, U.S.C § 2000e et seq (1991); RESTATEMENT (SECOND) § 90.

Plaintiff Shelton also alleges violations of the Equal Pay Act in a case of first impression that she was discriminated against due to her status as a black female compared to white females because black females are disproportionately discriminated against by the Defendant when compared to white females, black males, or white males. *Dindinger v. Allsteel, Inc.*, No. 16-1305

(8th Cir. Apr. 3, 2017); *Broadus v. O.K. Industries, Inc.,* 26 F.3d 937 (8th Cir. 2000); *Willis v. Watson Chapel School Dist.,* 703 F. Supp. 1381 (E.D. Ark. 1988). When Congress enacted the EPA, it established a new minimum labor standard based on the broad but straightforward principle that "'equal work will be rewarded by equal wages'" regardless of a worker's sex. *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (quoting S. Rep. No. 176, 88th Cong., 1st Sess. 1 (1963).

      2.    As articulated in greater detail in the Plaintiff's supporting brief in Opposition to the Defendant's Motion, Plaintiff Shelton will establish that she, other black employees, and the patrons of majority black libraries were discriminated against because of race or color. (Shelton Decl.; Exhibits 9-15, 51, & 58). Plaintiff Shelton can prove that (1) she **did** "perform equal work to other System employee; (2) the System **did not** pay "branch managers differently due to legitimate, non-discriminatory reasons;" and (3) there are "valid comparators exist" and there is "evidence of pretext." *Griggs V. Duke Power Co.,* 401 U.S. 424 (1971); *Phillips v. Martin Marietta Corp.,* 400 U.S.542 (1971). Plaintiff Shelton can establish violations of the Equal Pay Act even though there is no "male" branch manager to compare to because she alleges as a matter of first impression that she was paid less because of her sex as a black female as compared to a white female or black male employed by the System. *Dindinger v. Allsteel, Inc.*, No. 16-1305 (8th Cir. Apr. 3, 2017); *Corning Glass Works v. Brennan*, 417 U.S. 188, 195 (1974) (quoting S. Rep. No. 176, 88th Cong., 1st Sess. 1 (1963); ); *Broadus v. O.K. Industries, Inc.,* 26 F.3d 937 (8th Cir. 2000)..

3.    Plaintiff Shelton supports her Opposition to Defendant's Motion for Summary Judgment with her Brief in Objection to Summary Judgment, Response to Statement of Undisputed Material Facts, and her Response to Tina Blair's Declaration, the Declaration of Gwendolyn

Shelton, and her exhibits which are listed in the attached Description of Exhibits.

## II. CONCLUSION

"When considering a motion for summary judgment, a court must view all facts and inferences in a light most favorable to the nonmoving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 587 (1986). Rule 56(f) allows a party opposing summary judgment to seek a continuance and postpone a summary judgment decision until adequate discovery has been completed. *In re TMJ Implants Prod. Liab. Litig.,* 113 F. 3d at 1490. When seeking such a continuance, the party opposing summary judgment must file an affidavit with the trial court to show what specific facts further discovery might unveil. *Humphreys v. Roche Biomed. Lab., Inc.,* 990 F.2d 1078, 1081 (8th Cir. 1993).

WHEREFORE, Plaintiff Shelton respectfully requests that this Court deny Defendants' motion for summary judgment and grant Plaintiff's Rule 56(f) motion to seek a continuance, motion for leave to amend her Amended Complaint, postpone summary judgment until adequate discovery has been completed, and all other just and proper relief to which she may be entitled.

DATED this 30th day of December, 2019.

Gwendolyn L. Shelton, Pro Se
1421 W. 24th Ave
Pine Bluff, AR 71603
(870) 267-5401
gwenshelton@yahoo.com

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2019, I mailed a copy of this Objection to Summary Judgment by regular mail to:

John Keeling Baker
Mitchell, Williams, Selig,
Gates & Woodyard, P.L.L.C.
425 West Capitol Ave., Suite 1800
Little Rock, AR 72201

Gwendolyn L. Shelton, Pro Se

Emailed to

jbaker@mwlaw.com

nread@mwlaw.com

aorcutt@mwlaw.com