Michael R. Menssen (15424)
michael.menssen@stoel.com
Chaunceton Bird (16402)
chaunceton.bird@stoel.com
STOEL RIVES LLP
201 S. Main Street, Suite 1100
Salt Lake City, UT 84111
Telephone: (801) 328-3131

*Attorneys for Plaintiff Elite Autos, LLC*

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ELITE AUTOS, LLC, an Arkansas limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SPARKS MOTORS, LLC, a Utah limited liability company; DAVID SPARKS, an individual; NATIONWIDE MUTUAL INSURANCE, an Ohio mutual insurance company,<br><br>Defendant. | **MOTION TO ENFORCE SETTLEMENT AGREEMENT AND ENTER JUDGMENT BY CONFESSION**<br><br>Case No. 1:20-cv-00126-TC<br><br>Judge Tena Campbell |

**I.      RELIEF SOUGHT**

Plaintiff Elite Autos, LLC ("Elite") moves to enforce the settlement agreement entered into between Elite and defendants Sparks Motors, LLC ("Sparks Motors") and David Sparks ("Sparks") (together, the "Sparks Parties") and to enter the stipulated judgment by confession following a breach by the Sparks Parties.

1

## II.     RELEVANT FACTS

### A.     The Lawsuit and the Settlement Agreement

Elite is an exotic auto dealership. This case arose in connection with Elite's purchase of a 2019 Ford F-550 Lariat 6x6 truck from Sparks Motors. Elite purchased the truck for $220,000, which it intended to sell for a profit. But instead of delivering the truck in the agreed upon condition, the truck was used, damaged, and after a short drive, entirely inoperable as a result of a broken transmission. After the Sparks Parties took possession and attempted to repair it, the returned truck was still in a state of disrepair and needed significant work. As a result, instead of receiving a new truck, Elite received a truck with a remanufactured transmission that was two years past the latest model year, drastically reducing its resale value. Elite brought this lawsuit to recover its damages of at least $120,000 that resulted from the expenses in incurred to repair the truck and the lost value of the truck.

Elite filed its complaint on November 12, 2019 in Arkansas Circuit Court. Sparks Motors removed the court to federal court on diversity grounds and the case was transferred to the District of Utah. The parties elected to participate in the court's alternative dispute resolution program and a settlement conference was held before Magistrate Judge Oberg on May 26, 2021. The parties reached a settlement, which was memorialized in a written settlement agreement, attached hereto as Exhibit 1 ("Settlement Agreement").

As part of the settlement, the Sparks Parties agreed to make an initial payment by June 18, 2021 and make six subsequent monthly payments by the 15th of each month (or the next business day). *See* Settlement Agreement ¶ 1, Exhibit 1. To secure payment, the parties agreed to a "Stipulated Judgment by Confession" provision. *Id.* ¶ 2. Under this provision, if the Sparks

Parties did not fulfil their payment obligations under the Settlement Agreement, then Elite could give written notice to afford the Sparks Parties an opportunity to cure. If the Sparks Parties failed to cure within 15 days after receiving notice, Elite could file a Stipulated Judgment by Confession in the amount of $120,000, minus any payments previously made under the settlement agreement. *Id*.

Under the Verified Stipulation For Judgment by Confession, the Sparks Parties agreed and affirmed that if they failed to cure within the stated time period, then judgment "may be immediately entered against them and in favor of Elite"; that Elite is "entitled to recover all reasonable attorneys' fees and costs incurred by Elite in enforcing the Agreement"; and that the "Sparks Parties may only oppose entry of the Judgment on the basis that they have not breached the terms of the Agreement or that Elite has failed to comply with the terms of the Agreement." *See* Exhibit A to Settlement Agreement, ¶¶ 4, 7.

Once this settlement agreement was reached, the parties filed a stipulated motion to dismiss the case, with both the stipulated motion and the signed order of dismissal recognizing that the Court retained jurisdiction to enforce the terms of the Settlement Agreement and to enter judgment, if necessary, pursuant to the Verified Stipulation For Judgment by Confession. *See* Dkt Nos. 71–72.

### B. The Sparks Parties Breach the Settlement Agreement

The Sparks Parties failed to comply with the Settlement Agreement from the beginning. The first payment was due on June 18, 2021, but it was not made on time. Elite sent written notice of the failure to make the first payment on June 21, 2021. Only then did the Sparks Parties make the payment. *See* Declaration of Shelby Smith, ¶ 3, Exhibit 2. This pattern was repeated for

the next three months. Each month, the payment was not made by the deadline and was only made after Elite sent written notice of the failure to make payment. *Id*. ¶ 4.

The fifth payment under the Settlement Agreement was due on October 15, 2021. Again, the Sparks Parties did not make it. Elite sent written notice pursuant to the Settlement Agreement on October 18, 2021. *See* Exhibit 3. The Sparks Parties' counsel confirmed receipt of the email on October 22, 2021. *See* Exhibit 4. Under paragraph 2 of the Settlement agreement, the Sparks Parties had 15 days to cure their failure to pay, making the deadline November 2, 2021. No payment was made by that date. *See* Declaration of Shelby Smith, ¶ 5. Accordingly, Elite filed the Verified Stipulation for Judgment by Confession on November 3, 2021.

### III.   ARGUMENT

#### A.   The Settlement Agreement Should Be Enforced.

The Settlement Agreement is a binding, enforceable contract between the parties that should be enforced. *See LD III, LLC v. BBRD, LC*, 2009 UT App 301, ¶ 13, 221 P.3d 867, 871 ("Issues of formation, construction, and enforceability of a settlement agreement are governed by state contract law.").[1] "Settlement agreements are governed by the rules applied to general contract actions." *Sackler v. Savin*, 897 P.2d 1217, 1220 (Utah 1995). "Well-accepted rules of contract interpretation require that we examine the language of a contract to determine meaning and intent." *Glenn v. Reese*, 2009 UT 80, ¶ 10, 225 P.3d 185, 188. In an unambiguous contract, "the parties' intentions are determined from the plain meaning of the contractual language, and the contract may be interpreted as a matter of law." *Café Rio, Inc. v. Larkin–Gifford–Overton,*

---

[1] In addition, the Settlement Agreement states that it should be applied in accordance with the laws of the State of Utah. *See* Settlement Agreement, ¶ 12.

*LLC*, 2009 UT 27, ¶ 25, 207 P.3d 1235. Settlement agreements may be summarily enforced by the court. *See Zeco Equip., LLC v. Greentown Oil Co., LLC*, No. 2:15-CV-00464-DN-BCW, 2018 WL 4936029, at *2 (D. Utah Oct. 11, 2018); *Goodmansen v. Liberty Vending Sys., Inc.*, 866 P.2d 581, 584 (Utah Ct. App. 1993).

Here, the provisions of the Settlement Agreement are straightforward. The Sparks Parties were required to make payments under the schedule set forth in paragraph 1. *See* Settlement Agreement ¶ 1. If the Sparks Parties failed to fulfill their obligations under paragraph 1 of this agreement, Elite was permitted—following 15 days' written notice to allow the Sparks Parties an opportunity to cure—to file the Stipulated Judgment and take all legal action, as necessary, to enforce and execute upon the Stipulated Judgment. *Id.* ¶ 2.

The Sparks Parties failed to make the fifth required payment and thereby breached the Settlement Agreement. *See* Declaration of Shelby Smith, ¶ 5. Moreover, Elite provided the required written notice of a breach, received confirmation that the Sparks Parties received the written notice, but the payment was not made within the 15-day window to cure. *See* Exhibits 3–4; Declaration of Shelby Smith, ¶ 5. Accordingly, under the Settlement Agreement, Elite is entitled to a Stipulated Judgment in the amount of $120,000, less credits for the payments made by the Sparks Parties. *See* Settlement Agreement ¶ 2.

**B.     This Court Should Enter the Verified Stipulation for Judgment by Confession.**

The Settlement Agreement should be enforced by entering the judgment by confession already stipulated to by the parties. A confession of judgment is an "ancient legal device by

which the debtor consents in advance to the holder's obtaining a judgment without notice or hearing." *D.H. Overmyer Co., Inc., of Ohio v. Frick Co.*, 405 U.S. 174, 176 (1972).[2]

Indeed, federal courts frequently apply state law and recognize and enforce judgments by confession. *See, e.g.*, *Orlando Residence, Ltd. v. Nelson*, 565 F. App'x 212, 222 (4th Cir. 2014) ("Federal courts have the power to enter confession judgments, as has been recognized by courts time and again."); *Barclays Am./Bus. Credit, Inc. v. Otterstrom*, 673 F. Supp. 128, 134 (D. Del. 1987) (entering judgment based on a judgment by confession and finding that "judgment by confession was, in fact, recognized at common law" and will be enforced as long as it is not specifically precluded by state law), *aff'd*, 851 F.2d 700 (3d Cir. 1988); *Beneficial Mut. Sav. Bank v. Philippopoulos*, No. CIV.A. 11-2348, 2012 WL 3235165, at *2 (E.D. Pa. Aug. 8, 2012) (entering judgment after a confession of judgment was filed, denying a motion to strike or open the confessed judgment, and recognizing that "confessions of judgment are a creature of state law").

Utah law authorizes judgments by confession and allows them to be entered by any court with jurisdiction. *See* Utah Code § 78b-5-205 ("A judgment by confession may be entered *without action*, either for money due or to become due or to secure any person against contingent liability on behalf of the defendant, or both, in the manner prescribed by law. *The judgment may be entered in any court having jurisdiction for like amounts*" (emphasis added)).

---

[2] The Supreme Court used the phrase "cognovit" instead of confession of judgment, but counsel understands those phrases to be synonymous. *See* CONFESSION OF JUDGMENT, Black's Law Dictionary (11th ed. 2019) (referencing "cognovit"); COGNOVIT, Black's Law Dictionary (11th ed. 2019) ("An acknowledgment of debt or liability in the form of a confessed judgment.").

As such, this court may enter the Judgment by Confession, already stipulated to by the parties as part of the Settlement Agreement.

### C.     The Amount of Judgment

Under the terms of the Settlement Agreement, Elite is now entitled to a judgment in the amount of $120,000, less credits for payments made. The Sparks Parties have now made payments totaling $30,000. A total of $25,000 was made in accordance with the provisions of the settlement agreement, and the Sparks Parties made another $5,000 payment on November 4, 2021, after Elite filed the Verified Stipulation For Judgment by Confession. *See* Declaration of Shelby Smith, ¶¶ 3–4, 6.  As such, judgment should now be entered in the amount of $90,000.[3]

In addition, the settlement agreement states that Elite shall be entitled to (i) interest at the rate of 10% per annum on the judgment amount until it is paid in full, and (ii) all reasonable attorneys' fees and costs incurred by Elite in enforcing the Settlement Agreement.

DATED:  November 5, 2021.

STOEL RIVES LLP


*/s/ Michael R. Menssen*
Michael R. Menssen
Chaunceton Bird

*Attorneys for Plaintiff Elite Autos, LLC*

---

[3] The $5,000 payment made on November 4 after Elite had already filed the Stipulated Judgment by Confession was too late to cure the breach and prevent the entry of judgment, but it will go towards satisfying the total amount owed. As a result, while the judgment could be entered for $95,000, with a $5,000 credit towards the satisfaction of that judgment, Elite recognizes that it would be simpler to enter the judgment now for $90,000.

112977969.1 0073363-00001